## WHALEY v. EMERSON.
### No. 1.

District Court, E. D. Pennsylvania.
Aug. 18, 1930.

Mortimer W. H. Cox, of Philadelphia, Pa., for plaintiff.

H. M. Long, of Philadelphia, Pa., for defendant.

DICKINSON, District Judge.

The exceptions filed disclose that the real ground of objection to the sufficiency of the averments of the libel to show a maritime cause of action is that the jurisdiction of this court does not appear. It is not enough that the libelant should disclose a cause of action. He must further show that the cause is one of admiralty jurisdiction. This libel does not aver any facts which show that the cause is a cause maritime. The closest approach made to the necessary averment is that the libelant was "late a mariner on board the yacht Antares," and that at the time of the averred damage suffered he was employed on board the yacht, and that the injury complained of there occurred.

We do not think these averments to be sufficiently definite, as for aught we know the yacht may have been on the stocks and never yet launched. The provisions of the Admiralty Rules respecting this phase of pleadings are to be found in rules 27 and 35 (28 USCA § 723). Rule 35 clearly is not applicable. Rule 27 contemplates an order for "further pleadings." Our attention has not been called to any rule which in the first instance requires the dismissal of the libel.

We file therewith an appropriate decree.